IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA SPEARS, | ) | CASE NO. 5:17CV114 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE DONALD C. NUGENT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, which was issued on November 21, 2017 (ECF #21). Defendant, Nancy Berryhill, as Acting Commissioner of the Social Security Administration ("SSA"), indicated she would not file objections to the Report and Recommendation. (ECF #22). For the following reasons, the Report and Recommendation, is hereby ADOPTED.

Plaintiff, Ms. Spears, challenges the final decision of the SSA denying her applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 416(I), 423, 1381 *et seq.* (ECF #1). After the initial denial, Ms. Spears requested a hearing before an administrative law judge ("ALJ"). On December 14, 2015, the ALJ issued a decision finding Ms. Spears was not disabled.[1]

---

[1] The ALJ's decision became final on November 20, 2016, when the Appeals Council declined further review. (ECF #21, p. 2).

In her Complaint, Ms. Spears alleges the following errors with the ALJ decision:

1. The ALJ's residual functional capacity found Plaintiff capable of frequent fine and gross handling bilaterally. This finding is in error because the ALJ assigned "little weight" to the opinions of the State Agency medical consultants, reasoning that "later records and the claimant's testimony reveal that further limitations are warranted." However, the ALJ found Plaintiff more capable than the medical consultants found, and he failed to adequately assess Plaintiff's symptoms; and

2. The ALJ found at step five of the sequential evaluation process that Plaintiff had the ability to perform jobs that exist in significant numbers in the national economy. This finding is in error because the ALJ relied upon vocational expert opinion which was based upon a hypothetical question unsupported by evidence.

(ECF #21, p. 3).

On November 21, 2017, Magistrate Judge Greenberg issued his Report and Recommendation. (ECF #21). As to the first assignment of error, the Magistrate Judge found that the ALJ failed to sufficiently articulate his basis for assessing Ms. Spears' manipulative ability as greater than previously determined, despite medical records indicating worsening symptoms. (ECF #21, p. 35). The Magistrate Judge found that such error was not harmless, and recommends that this matter be remanded to the ALJ for reconsideration. Since this matter is being remanded, the Magistrate Judge did not address or rule upon the second assignment of error.

I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee states: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

II.  Legal Analysis

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). However, a district court cannot uphold an ALJ's decision, even if there was enough evidence in the record to support the decision, "where the reasons given by the ALJ do not build an accurate and logical bridge between the evidence and the result." *Fleisher v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011)(citations omitted). Furthermore, failure by the ALJ to apply the correct legal standards as promulgated by the SSA

regulations is grounds for reversal. *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009).

A. First Assignment of Error

Magistrate Judge Greenberg outlines that in 2010, Ms. Spears filed applications for POD, DIB and SSI, and in March 2012, the ALJ issued a decision finding Ms. Spears was not disabled. (See ECF #9, pp. 87-110). In the decision, the ALJ formulated the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work . . . except she must be able to sit or stand alternatively, at will. She can occasionally push or pull. The claimant can never climb ladders, ropes, or scaffolds. She can occasionally handle.

(See ECF #9, p. 95).

In the instant 2015 decision, the ALJ acknowledged the previous decision relating to Ms. Spears' RFC. The ALJ also outlined "new and material evidence pertaining to the unadjudicated period that changes the prior residual functional capacity." (ECF #21, p. 29). This new evidence includes objective findings from xrays, MRI and EMG studies, as well as records relating to numerous visits to multiple medical providers. The ALJ used this new evidence as a basis to determine that Ms. Spears' "condition has changed since the prior [ALJ's] decision. Therefore, I am not bound to adopt the [RFC] used in the prior decision." (ECF #9, p. 29)(*citing to Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997).

As the Magistrate Judge outlines, the new and material evidence showed a worsening of Ms. Spears' condition. However, the ALJ found Ms. Spears had greater manipulative abilities as compared to the prior ALJ decision, without providing an explanation for his findings. (ECF #21, p. 32).

-4-

Furthermore, the ALJ did not discuss the medical evidence relating to Ms. Spears' arm, hand and finger pain and numbness. This Court cannot rely upon counsel's "post-hoc rationale" of the ALJ's analysis of the medical evidence, rather, "it is the opinion given by an administrative agency ...that is under the Court's consideration. *See, e.g., Peterson v. Colvin*, 2017 WL 535581 at *16, (N.D. Ohio Jan. 25, 2017).

The Defendant argues that any failure by the ALJ to sufficiently articulate his basis for assessing the medical evidence is harmless error, claiming that evidence provided by two vocational experts supports the findings. (See ECF #21, pp. 35-37). The Magistrate Judge disagreed, and found that "the ALJ failed to sufficiently articulate his basis for restricting Spears to frequent (as opposed to) occasional handling and, further, this error is not harmless." (ECF #21, p. 38). Therefore, the Magistrate Judge recommends that on remand, the ALJ "shall fully consider and address the evidence regarding Ms. Spears' bilateral arm, hand, and finger pain and numbness in formulating the RFC, and clearly articulate the basis for assessed manipulative limitations."

B. Second Assignment of Error

Ms. Spears argues that the opinion of the vocational expert regarding the use of her hands is not supported by substantial evidence, and therefore does not support the ALJ's decision to rule that Ms. Spears is not disabled. (ECF #21, p. 38). The Magistrate Judge did not specifically address this issue, but rather, recommends that on remand, "the ALJ should consider whether additional [vocational expert] testimony is necessary in light of the issues discussed above." (ECF #21, p. 39).

III. Conclusion

This Court has reviewed the Report and Recommendation of this case and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

Therefore, the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg, (ECF #21), is ADOPTED. The final decision of the Commissioner is VACATED and this matter is REMANDED for further proceedings consistent with this decision.

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: February 21, 2018